UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

SHANNETTE M. McFARLANE,

                             Plaintiff,

    v.

CITY OF NEW YORK, et. al.,
Police Officer Mark Antonio, shield #8417
Police Officer Andrew Hope, shield #16713,
ACS Employee Lamont Smith,
ACS Employee Jason Smith,
ACS Employee Toni Marie Teliszewski

                             DEFENDANTS,
_____x

Civil Action 42 U.S.C§ 1983

**First Amended Complaint**

12 cv 4411 (GBD)

Please Take Notice that the Plaintiff hereby moves this court at a part located at 500 Pearl Street, New York, NY 10007, in the forenoon or as soon thereafter as Plaintiff can be heard for an order, Ordering Respondents to appear and answer the attached complaint in order to resolve these claims as the laws and justice shall require, and for any other and further relief that this court deems just and proper.

Dated: March 19th, 2013

Respectfully

Shannette McFarlane



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

SHANNETTE M. McFARLANE,

                                                       Civil Action 42 U.S.C§ 1983

                        Plaintiffs,
     v.
CITY OF NEW YORK, et. al.,                          Affidavit In Support of
Police Officer Mark Antonio, shield #8417
Police Officer Andrew Hope, shield #16713,       **First Amended Complaint**
ACS Employee Lamont Smith,
ACS Employee Jason Smith,
ACS Employee Toni Marie Teliszewski

                                DEFENDANTS,
_____x

      Plaintiff being duly sworn deposes and says that I make these claims based upon personal knowledge, and upon information and belief as to those matters stated thereon and that those claims and statements are true, correct and accurate to the best of my personal knowledge, information and belief:

### JURISDICTIONAL STATEMENT AS TO CAUSES OF ACITON

1.     This Court has jurisdiction pursuant to 42 U.S.C. § 1983, § 1981, and 28 U.S.C. § 1331, Federal Question, with respect to Plaintiff's claims. This court also has jurisdiction under the diversity statue.

### PLAINTIFFS

2. Plaintiff Shannette M. McFarlane resides at 13383 Arbor Point Circle, Unit 201, Tampa, FL 33617.

3. Plaintiffs Khamar and Khavon McFarlane are minors ages 12 and 11 respectively, who were removed from their homes.

## DEFENDANTS

4. The CITY OF NEW YORK is being sued in its corporate capacity. The Corporation Counsel's Office is responsible for accepting legal process on its behalf. Defendant can be served at The City of New York, Corporation Counsel's Office, City Hall, 255 Main St., New York NY 10007.

5. Defendant Mark Antonio is being sued in his personal as well as his official capacity as a New York City Police Officer. At the time of this incident he worked at he 113th Precinct located at Bailey Blvd. Jamaica, NY 11434.

6. Defendant Lamont Smith is or was employed by the New York City Agency for Child Protective Services located at 165-15 Archer Avenue, Jamaica, NY 11433.

7. Police Officer Andrew Hope of the 113th Precinct, shield number 16713.

8. Child Protective Services employees Jason Smith, Toni Marie Teliszewski.

## STATEMENT OF CLAIMS

**First Cause of Action**

3

9. It is hereby alleged that defendant City of New York has adopted a policy of custom of removing children from their homes without legal process or a court order when they are not in any imminent danger as required by law, a custom or policy of failing to train police officer to know when a child can be removed from the home without a court order, a custom of failing to train Agency for Child Protective Services employees to know when a child can be removed from the home without a court order.

**Second Cause of Action**

10. Defendant Lamont Smith while employed as an ACS employee, and ACS employees Jason Smith and Toni Marie Teliszewski, illegally removed Plaintiff's children, Khamar and Khavon McFarlane from my home without a court order and while they were not in any imminent danger.

## STATEMENT OF FACTS

11. On Sunday June 7th 2009 at approximately 2:30 PM, my home located at 119-11 Guy R. Brewer Blvd. Jamaica, NY 11434 was visited by an Administration for Children Services employee known to me to be Marjorie Florival. My home was examined for adequate food and sleeping accommodations for my children. Upon approval of the home, the children's maternal grandmother, Faye McFarlane, was advised that there was adequate resources for the children and the home would be visited once a month from there on for inspection. The home was found to be suitable upon initial inspection by the agency employee. ON the same day Sunday, June 7th, 2009 at approximately 8 PM my home was visited by two agency employees and two New

York City police officers. These individuals immediately gained entry into the home and said they were just there to take the children. I encountered officer Mark Antonio accompanied by defendant Lamont Smith and One unknown ACS employee on the stairway of my home. They provided no documentation or court order authorizing them to remove my children from my care and custody. He proceeded to push me on the stairway to gain entry to the rear door where the children were playing in the back yard with other family members. He began to chase the children around the yard. When the children saw me enter the backyard they ran to me out of fear. I attempted to settle my children and wanted to explain and prepare the for what was happening. Officer Antonio never gave me that opportunity, instead he proceeded to pull a pepper spray bottle and pointed at myself and my children. I continued to plee with hi for just five minutes totalk to my children. He became more enraged and grabbed my son's (Khamar) arm to pull him away while he was screaming and frantically kicking. Several other officers were now on scene, defendant Antonio grabbed my arms and slapped the cuffs on and stated "Now You're coming with me" I was taken bare foot to a parked NYPD police vehicle in front of my home. I was placed in the back of the vehicle, the vehicle was then surrounded by several other officers. While in the vehicle I heard officer Antonio saying "I thought I seen it all, this one takes the cake". He continued to belittle me with the other officers. I attempted to ask for foot wear from the vehicle and searched on the side walk in plain view. There was no privacy provided as I was searched by a female officer from the NYPD. I was then taken to the 113th, Precinct by defendant Antonio and the remaining officers. As I stood before the desk officer on arrival, I began to experience severe chest pains, seconds later I collapsed to the floor. While laying on the floor, defendant Antonio continued to degrade me with several comments. I heard him say "she's a great actress" and "get a load of this one", while other officers were laughing. I

was then advised that I would be taken to Jamaica Hospital for observation by ambulance. I was admitted to the Cardiology department in shackles and handcuffs for chest pains and shortness of breath, an EKG and blood work was ordered and performed. I was released back to NYPD custody in hand cuffs at about 5:39 AM. I arrived back at the 113th precinct where I sat on a bench and cuffed to a hand rail waiting for defendant Antonio to return for the AM shift and complete processing me into the system. Between the hours of 8 AM and 2:30 PM I was fingerprinted by defendant Antonio for a total of 6 times  He indicated each time that there was an error and I had to be printed again and again. I offered no resistance and complied with each request. I did not arrive at the central booking until 5:30 PM on Monday June 8th, 2009.

12. At the time of my fingerprinting process, my attorney Tommy Alejandro made several repeated calls to the 113th, precinct where he was told by defendant Antonio told him that he had no idea where I was located. The Two Administrative for Children Services employee's and the other NYPD officers made no attempt to intervene for the safety of my children and also refused to allow five minutes to properly prepare and clothe my children for removal. The children were removed on Sunday June 7th, 2009, I did not receive any communication of their whereabouts until Tuesday June 9th 2009. My home was visited by an agency counselor Marissa Arthurs, she then indicated that the children were not doing well. My children were returned to the custody of my relative Eualet Dixon on June 15th, 2009. My children were not retuned to my custody until the next year, approximately March or April of 2010.

### Injuries

13. Plaintiffs suffered severe emotional distress, mental anguish pain and suffering, unlawful seizure of my children, trauma.

## DAMAGES

14. Plaintiffs seeks damages in the amount of $5,000,000.00 United States dollars as compensation for injuries sustained as a result of defendants unlawful actions.

Wherefore, Plaintiff respectfully requests that this court take jurisdiction of this matter pursuant to 28 U.S.C. § 1331, 42 USC § 1983, and adjudicate the same as justice shall require and for any other and further relief that this court deems just and proper.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: March 19th, 2013                                                                 Respectfully Submitted

                                                                                        *[signature]*

I declare under penalty of perjury that on this ___ day of _____ 2011, I am delivering this complaint to prison authorities to be mailed to the Pro se Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff_____