UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SHANNETTE M. MCFARLANE et al.,              :

                Plaintiffs,              :        12 Civ. 4411 (GBD) (GWG)

         -v.-                             :        REPORT AND
                                                   RECOMMENDATION
CITY OF NEW YORK et al.,                    :

                Defendants.             :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Shannette M. McFarlane filed a complaint on behalf of herself and purportedly on behalf of her two minor children, naming the City of New York and certain individuals as defendants. See First Amended Complaint, filed Mar. 28, 2013 (Docket # 19). The complaint alleges that employees of the New York City Administration for Children's Services illegally removed McFarlane's children from her home without first receiving a court order. Id. None of the plaintiffs are represented by counsel.

      The law is clear that while a litigant in federal court has "a right to act as his or her own counsel," Cheung v. Youth Orchestra Foundation of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (citing 28 U.S.C. § 1654 (1982)), "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child," id. Accordingly, if a non-attorney parent does not retain counsel or receive an appointment of counsel, it is proper for a court to dismiss his or her children's claims without prejudice. See id. at 62.

      In keeping with this requirement, the Court on September 27, 2013, issued an Order to Show Cause, requiring McFarlane to explain why her children's claims should not be dismissed on the ground that a non-attorney parent who is not represented by counsel cannot litigate his or her children's claims. See Order to Show Cause, dated Sept. 27, 2013 (Docket # 32). In response, McFarlane simply reiterated her substantive claims against defendants but did not raise any legal or factual issue as to why her children's claims should not be dismissed. See Letter, filed Oct. 17, 2013 (Docket # 35).

      Accordingly, because McFarlane is a non-attorney parent representing her two children pro se, the claims brought on behalf of her children should be dismissed without prejudice.[1]

---

[1] We have previously ruled that we do not find this to be an appropriate case to appoint counsel on behalf of any of the plaintiffs. See Order, dated Sept. 6, 2012 (Docket # 12) (applying factors in Cooper v. A. Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989)).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: November 26, 2013
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Shannette M. McFarlane
10551 Great Falls Lane
Tampa, Florida, 33647

Counsel by ECF