```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JAN 3 1 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SHANNETTE M. MCFARLANE, o/b/o minors
Khamar and Khavon McFarlane,

                  Plaintiffs,

      -against-

CITY OF NEW YORK, POLICE OFFICER
MARK ANTONIO, ACS EMPLOYEE LAMONT
SMITH, ACS EMPLOYEE TONI MARIE
TELISZEWSKI, and ACS EMPLOYEE JASON
SMITH,

                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

12 Civ. 4411 (GBD)

GEORGE B. DANIELS, United States District Judge:

      On March 28, 2013, Plaintiff Shannette M. McFarlane ("Plaintiff") filed an amended complaint on behalf of herself and her two minor children, alleging that employees of the New York City Administration for Children's Services, and other individuals, illegally removed Plaintiff's two minor children from her home without first obtaining a court order. (First Am. Compl. ¶¶ 9-12.) In Magistrate Judge Gabriel W. Gorenstein's November 26, 2013 Report and Recommendation ("Report"), he recommends that the claims brought by Plaintiff on behalf of her two minor children be dismissed without prejudice. (ECF No. 40.) The Court adopts Magistrate Judge Gorenstein's Report in its entirety.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the

magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter as a whole. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Neither Plaintiff McFarlane nor her two minor children are represented by counsel in this action. (Report at 1.) On September 27, 2013, Magistrate Judge Gorenstein issued an Order to Show Cause ("OTSC") requiring Plaintiff to explain why her children's claims should not be dismissed on the ground that a non-attorney parent who is not represented by counsel may not litigate her children's claims. (OTSC at 1 (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990), ECF No. 32.) On October 17, 2013, Plaintiff filed an Affirmation with the Court restating the claims in her Complaint but failing to specifically respond to the issue set forth in Judge Gorenstein's Order to Show Cause. (*See* Oct. 17, 2013 Ltr. at 1, ECF No. 35.) Judge Gorenstein subsequently issued his Report, recommending that the claims brought by Plaintiff on behalf of her two minor children be dismissed. (Report at 1.) In his Report, Magistrate Judge Gorenstein advised the parties that pursuant to 28 U.S.C. § 636(b)(1), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the Report.

It is a "well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Poultney*

*High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005) (deferring decision on appeal for limited purpose of allowing counsel to be retained for minor appellant); *see also Cheung*, 906 F.2d at 62 (remanding with recommendation that complaint be dismissed without prejudice if counsel was not retained or appointed for minor plaintiff). Magistrate Judge Gorenstein properly determined that the claims asserted on behalf of the minor children must be brought and litigated with retained or appointed counsel, and that this case was not an appropriate case in which to appoint counsel on behalf of any of the plaintiffs. (Report at 1 & n.1.) Plaintiff may continue to pursue, *pro se*, claims brought on her own behalf, but Plaintiff must obtain an attorney in order to pursue those claims brought on behalf of her minor children. As there is no clear error on the face of the record, the Court adopts Magistrate Judge Gorenstein's Report in its entirety.

## Conclusion

The claims brought by Plaintiff Shannette M. McFarlane on behalf of her two minor children are DISMISSED without prejudice.

Dated: January 31, 2014
New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge