UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHANNETTE M. MCFARLANE,                       :

                Plaintiff,                    :       12 Civ. 4411 (GBD) (GWG)

          -v.-                                    :       REPORT AND
                                               RECOMMENDATION
CITY OF NEW YORK et al.,                      :

                Defendants.                   :
------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Pro se plaintiff Shannette M. McFarlane brought this action pursuant to 42 U.S.C. § 1983, alleging that employees of the New York City Police Department ("NYPD") and New York City Administration for Children's Services ("ACS") wrongfully removed her children from her home without due process of law. See Complaint, filed June 5, 2012 (Docket # 2), at 4-7. McFarlane named as defendants the City of New York, NYPD Officer Mark Antonio, ACS Employee Lamont Smith, one additional unidentified NYPD officer, and two additional unidentified ACS employees. Id. at 2-3. On July 31, 2012, the Hon. George B. Daniels issued an order pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), requiring the New York City Corporation Counsel to provide McFarlane with the names and service addresses of the unidentified defendants. See Order of Service, filed July 31, 2012 (Docket # 9), at 4. The Order additionally required McFarlane to file an amended complaint upon receiving this information and to serve the previously unidentified defendants within 120 days of the date the Clerk of Court issued an amended summons. Id. at 5.

      In compliance with the Valentin order, Corporation Counsel identified NYPD officers Andrew Hope and John Marcantonio (the correct name of "Mark Antonio") and ACS employees Jason Smith and Toni Marie Teliszewski as the unnamed defendants, and provided their addresses to McFarlane. See Letter from Assistant Corporation Counsel Max McCann, dated Dec. 17, 2012 (annexed to Order, filed Dec. 26, 2013 (Docket # 14)). On February 20, 2013, Corporation Counsel wrote a letter to the Court stating that McFarlane had yet to properly serve any of the named defendants, and thus, that none of the defendants had been timely served within 120 days from the filing of the original complaint as required by Fed. R. Civ. P. Rule 4(m). See Second Letter from Assistant Corporation Counsel Max McCann, filed Feb. 22, 2013 (Docket # 18), at 1-2. Soon thereafter, this Court issued an order stating that if McFarlane wished to sue these defendants, she must file her amended complaint by March 25, 2013, and must then complete service on defendants by May 31, 2013. See Order, filed Feb. 22, 2013 (Docket # 17). On March 28, 2013, McFarlane filed an amended complaint in which she added as defendants Andrew Hope, Jason Smith, and Toni Marie Teliszewski. See First Amended Complaint, filed Mar. 28, 2013 (Docket # 19). Although the Clerk of Court sent a service package to McFarlane on April 29, 2013, see FRCP 4 (Docket Entry for Apr. 29, 2013),

1

McFarlane informed the Court on May 28, 2013, that she had not received the service package because she had changed her address, see Letter from Shannette McFarlane, filed May 28, 2013 (Docket # 20). The Court then directed the Clerk of Court to send a service package to McFarlane's new address in Tampa, Florida, and extended McFarlane's time to complete service to August 28, 2013. See Memo Endorsement, filed May 31, 2013 (Docket # 21).

On July 19, 2013, McFarlane filed affirmations of service that, on their face, failed to provide any evidence that service had been properly made on the individual defendants. See Affirmations of Service, filed July 19, 2013 (Docket ## 22-26). Thus, in an answer filed September 26, 2013, Corporation Counsel alleged that, with the exception of Lamont Smith, none of the defendants had been properly served. See Answer, filed Sept. 26, 2013 (Docket # 31), at 1 n.1. Additionally, in a letter dated January 24, 2014, Corporation Counsel notified the Court that McFarlane had failed to comply with her discovery obligations, including her Rule 26 initial disclosures, her response to defendants' first set of interrogatories, and defendants' request for the production of certain documents. See Letter from Assistant Corporation Counsel James Horton, filed Jan. 24, 2014 (Docket # 42). Soon thereafter, Corporation Counsel requested that the Court hold a pre-motion conference for defendants' anticipated motion to dismiss. See Letter from Assistant Corporation Counsel James Horton, filed Jan. 30, 2014 (Docket # 48). A pre-motion conference was held before the Court on February 13, 2014, in which Corporation Counsel appeared in person and McFarlane appeared by telephone. See Minute Entry for Proceedings Held Before Magistrate Judge Gabriel W. Gorenstein (Docket Entry for Feb. 13, 2014).

On March 17, 2014, Corporation Counsel filed a motion to dismiss contending, inter alia, that with the exception of Lamont Smith and John Marcantonio, none of the named defendants had been properly served by McFarlane. See Notice of Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and 12(c), filed Mar. 17, 2014 (Docket # 53); Memorandum of Law in Support of Defendants Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), filed Mar. 17, 2014 (Docket # 55) ("Def. Mem."), at 1 n.1. On April 8, 2014, Corporation Counsel informed the Court that, although McFarlane's opposition papers were due by March 31, she had yet to file them nor had she sought an extension of the deadline to do so. See Letter from Assistant Corporation Counsel James Horton, filed Apr. 8, 2014 (Docket # 56).

The Court then issued an order stating that McFarlane "shall have one final opportunity to file papers opposing this motion" and that McFarlane's "opposition papers must be filed by May 8, 2014." Order, filed Apr. 17, 2014 (Docket # 57) ("April 17 Order"). Additionally, the Court warned McFarlane "that if she fails to oppose this motion, her case may be dismissed." Id. Thereafter, on May 15, 2014, Corporation Counsel noted that McFarlane had still not filed any opposition papers and asserted that McFarlane's complaint "should be dismissed pursuant to Rule 41(b) for her failure to prosecute her case." See Letter from Assistant Corporation counsel James Horton, filed May 15, 2014 (Docket # 58).

On May 21, 2014, the Court issued an order to show cause in which the Court noted that McFarlane had not complied with the Court's prior order requiring her to file opposition papers by May 8. See Order to Show Cause, filed May 21, 2014 (Docket # 59) ("May 21 Order"). The

Court stated that "[i]f [McFarlane] wishes to pursue this matter, she is directed to give reasons why this case should not be dismissed based on her failure to respond to the motion to dismiss." Id. Additionally, the Court directed McFarlane to "give a complete explanation of her efforts to make service on the defendants." Id. Pursuant to this Order, McFarlane was required to address these issues in a letter or declaration filed on or before June 13, 2014. Id. The Court warned McFarlane that if she "fail[ed] to respond by June 13, 2014, this case may be dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." Id. The Court also informed McFarlane that "the Pro Se Office . . . may be of assistance to [McFarlane] in connection with court procedures." Id. A copy of this Order was mailed to McFarlane at the Tampa address she had last provided to the Court, and it was not returned as undeliverable.

Despite the Court's sua sponte extension of McFarlane's deadline to file opposition papers and the Court's multiple warnings that failure to respond could result in dismissal of her case, McFarlane still has not filed any opposition papers. Equally significantly, McFarlane has yet to provide an explanation to the Court of her attempts to serve the named defendants, as required by the May 21 Order. In fact, McFarlane has had no contact with the Court since the February 13, 2014 conference.

Fed. R. Civ. P. 41(b) provides in relevant part:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette, 997 F.2d at 1027) (internal quotation marks omitted), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). "Dismissal of a pro se litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)).

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Drake, 375 F.3d at 254, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal, see Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that McFarlane failed to provide proof of service on all defendants; has not responded to the motion to dismiss; ignored a court order that sua sponte extended her time to submit opposition papers, see April 17 Order; ignored a court order requiring her to give information to the Court as to her efforts to make service on defendants, see May 21 Order — a matter that is critical to the Court's

3

assessment of Corporation Counsel's assertion that service has not been properly made on many of the defendants in this case; and ignored a provision in the same Court order that required her to explain her noncompliance with prior Court orders. In both the April 17 Order and the May 21 Order, the Court warned McFarlane that failure to comply might result in dismissal of her case. Accordingly, dismissal of this case is appropriate. See generally Ruzsa v. Rubenstein & Sendy, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a lesser sanction would have proved effective in this case.") (internal quotation marks omitted); Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (dismissal for failure to appear for trial or to comply with court order directing plaintiff's counsel to submit certain pre-trial materials upheld where plaintiff's counsel "indisputably received . . . notice" that the case would be dismissed if the court's order was not complied with); Ayodele v. N.Y. Police Dep't, 2008 WL 4831316, at *2-3 (S.D.N.Y. Nov. 10, 2008) (dismissal for failure to prosecute after plaintiff did not respond to discovery requests for four months, and there was "no way to know when the plaintiff might reemerge and seek to revive this litigation").[1]

Conclusion

For the foregoing reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a),

---

[1] It may be that McFarlane simply has not provided the Court with a current address and that, while not returned as undeliverable, the mail sent to the address she last provided has not reached her. But this failure too warrants dismissal, as a litigant is obligated to keep the Court informed of her whereabouts. See, e.g., Caussade v. United States, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Courts have found dismissal appropriate . . . when a party has become completely inaccessible, as inaccessibility strongly suggests that plaintiff is not diligently pursuing his claim.") (internal punctuation and citation omitted); Dumpson v. Goord, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit."); Ortiz v. United States, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing case for failure to prosecute "[b]ecause it [was] impossible to proceed with this case so long as plaintiffs whereabouts are not known"). McFarlane's failure to keep the Court apprised of her whereabouts would be particularly inexcusable given that the Court explicitly warned McFarlane that she must "immediately" inform the Court of any change in her address and that "[i]f [she] fails to do so, the case may be dismissed." See Order, filed Oct. 17, 2013 (Docket # 34).

(b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George B. Daniels at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: July 2, 2014
      New York, New York

*[signature]*
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Shannette M. McFarlane
10551 Great Falls Lane
Tampa, FL 33647

Counsel by ECF