**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SHANNETTE M. MCFARLANE,                          :

                                                 :

                              Plaintiff,          :

                                                 :

            -against-                            :

                                                 :

CITY OF NEW YORK, POLICE OFFICER                 :

ANDREW HOPE, POLICE OFFICER JOHN                 :

MARCANTONIO, ACS EMPLOYEE LAMONT                 :

SMITH, ACS EMPLOYEE JASON SMITH, and             :

ACS EMPLOYEE TONI MARIE TELISZEWSKI,             :

                                                 :

                              Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

12 Civ. 4411 (GBD) (GWG)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Shannette M. McFarlane brings this Section 1983 action against the City

of New York, employees of the New York City Police Department ("NYPD"), and employees of

the New York City Administration for Children's Services ("ACS").  Plaintiff alleges that

Defendants wrongfully removed her children from her home without due process. (*See* First Am.

Compl. at 4-6, ECF No. 19.)  On March 17, 2014, Defendants John Marcantonio and Lamont

Smith moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint for

failure to state a claim, and moved for judgment on the pleadings pursuant to Rule 12(c).  (*See*

ECF No. 53.)  To date, Plaintiff has not responded to this motion, despite multiple court orders

that she do so.  Before this Court is Magistrate Judge Gorenstein's July 2, 2014 Report and

Recommendation ("Report") in which he recommended dismissal of the present action, pursuant

to Rule 41(b), for Plaintiff's failure to prosecute her claims. (*See* ECF No. 60.)  Magistrate Judge

Gorenstein's Report is adopted in its entirety.

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the

Report.  28 U.S.C. § 636(b)(1)(C).  When there are objections to the Report, the Court must make

a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also*

*Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive

further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ.

P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter.

*See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court

"arrive at its own, independent conclusions" regarding those portions of the Report to which

objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting

*Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are

made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee*

*Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Gorenstein advised the parties that pursuant to 28 U.S.C.

§ 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections within

fourteen days after being served with a copy of the Report would result in waiver of those

objections and preclude appellate review. (*See* Report at 4-5.) No party objected to the Report.

As there is no clear error on the face of the record, this Court adopts the Report in its entirety.

Magistrate Judge Gorenstein correctly found that dismissal of this case is appropriate

pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute her claims. A

district court may decide, *sua sponte*, to dismiss a *pro se* litigant's action for failure to prosecute

"so long as a warning has been given that non-compliance can result in dismissal." *Agiwal v. Mid*

*Island Mortg. Corp.*, 555 F. 3d 298, 302 (2d Cir. 2009) (quoting *Valentine v. Museum of Modern*

*Art*, 29 F.3d 47, 50 (2d Cir. 1994)); *see also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

The Report found that Plaintiff had failed to provide proof of service on the individual

defendants, did not respond to Defendants' motion to dismiss, ignored an April 17 order in which

the Court had *sua sponte* extended her time to submit opposition papers (April 17, 2014 Order at

1, ECF No. 57), and disregarded a May 21 Order to Show Cause directing her to explain why her

case should not be dismissed due to her failure to respond to Defendants' motion  (May 21, 2014

Order at 1, ECF No. 59).  (Report at 2-4.)  Plaintiff was also instructed to inform the Court of her

efforts to effect service on the individual defendants.  (May 21 Order at 1.)  In both the April 17

and May 21 Orders, Magistrate Judge Gorenstein warned Plaintiff that failure to comply with the

Court's directives could result in dismissal of her case.  (April 17 Order at 1 ("Plaintiff is warned

that if she fails to oppose this motion, her case may be dismissed."); May 21 Order at 1 ("If

[P]laintiff fails to respond by June 13, 2014, this case may be dismissed for failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure.").)  Accordingly, it is clear that Plaintiff

has received sufficient warning of the potential consequences of her inaction, and dismissal of this

action is appropriate under Rule 41(b).  *See Agiwal*, 555 F.3d at 302.[1]

## Conclusion

This action is hereby DISMISSED for failure to prosecute under Federal Rule of Civil

Procedure 41(b).  The Clerk of the Court is directed to close this case.

Dated: New York, New York
       August 4, 2014

SO ORDERED.

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge

---

[1] Magistrate Judge Gorenstein also correctly found that, even if Plaintiff's failure to prosecute is due to the fact that her address has changed and thus some correspondence has failed to reach her, dismissal is still warranted.  Plaintiff is obligated to inform the Court of her updated contact information.  *See, e.g., Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013).  Further, the Court previously – in express terms – directed Plaintiff to "immediately" inform the Court of any change in her address, stating that "[i]f [she] fails to do so, the case may be dismissed."  (Oct. 17, 2013 Order, ECF No. 34.)